LINK: 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        (In Chambers)

**ORDER RE: MOTION TO DISMISS**

**I.
INTRODUCTION**

Plaintiffs Patrick Copeland and Staci Toles-Copeland (collectively, "Plaintiffs") currently face foreclosure. Payments on the mortgage for their current home have been insufficient for several years, and at least one trustee sale has already been scheduled—although it was eventually cancelled. However, they believe that Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Western Progressive, LLC ("Western Progressive"), U.S. Bank, N.A. ("U.S. Bank"), and C-BASS Mortgage Loan Asset-Backed Certificates, Series 2005-CB5 ("C-BASS"), have violated the California Homeowner Bill of Rights, committed fraud, and violated California's Unfair Competition Law. They therefore filed a suit seeking a variety of forms of relief.

Before the Court now is a motion to dismiss that suit, filed by Ocwen, U.S. Bank, and Western Progressive. (Docket No. 17 [Mot. to Dismiss ("Mem.")].) Defendants' motion is **GRANTED in part and DENIED in part**. Because the complaint does not make allegations against Western Progressive sufficient to indicate that it played a role in the complained-of behavior, it is dismissed from this action. However, because there are specific allegations of misrepresentations by a representative of the remaining Defendants, as well as allegations that they engaged in improper 'dual tracking,' the motion to dismiss must be denied as to all other Defendants. The Court sets forth its reasoning in detail below.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

## II.
## BACKGROUND

Plaintiffs Patrick Copeland ("Patrick") and Staci Toles-Copeland ("Staci") live at 11425 Casimir Avenue, Hawthorne, CA 90250 (the "Property"). (Docket No. 13, [Second Amended Compl. ("SAC")] ¶ 5.) They purchased the Property in 2005 using the proceeds of a mortgage loan. (Id. ¶ 13.) However, while both Plaintiffs' names appear on the title to the Property, Patrick was the sole borrower for the purposes of the mortgage. (See Docket No. 19-1 [Decl. of Patrick Copeland] ¶ 2.)

The original beneficiary of the mortgage was New Century Mortgage, but eventually "the note was transferred into the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2005-CB5, a New York law trust." (Id.)  Ocwen, Western Progressive, and U.S. Bank (collectively, "Defendants") then acted as servicing entities. (Id.) Eventually, Patrick fell behind in his payments on the mortgage, and in November 2012 Defendant Ocwen "caused to be recorded a notice of default and election to sell." (Id.) Some of Defendants then named a third party individual, Archana R. ("Archana"), as the point person for Patrick's mortgage problems, pursuant to the California Homeowner Bill of Rights ("HBR"), California Civil Code §§ 2923–2924, which became effective January 1, 2013. (Id. ¶ 17.)

In April 2013, Patrick applied for a loan modification and he received written approval granting his request. (Id.) However, this approval contained provisions for additional "pre-modification fees and costs, in an unlimited and unspecified amount." (Id.) Patrick contacted Archana seeking to alter these provisions, to which she replied that no changes to the approved application would be permitted. (Id.) She told him that, if he wanted to negotiate new terms, he would first need to reject the proposal. (Id.) In addition, Archana told Patrick that he "had to wait 60 days" from May 1, 2013—the date he rejected the modification— before any new terms would be considered. (Id.) In the interim, Patrick was told, "no action" would be taken. (Id.)

Following her directive, Patrick rejected the proposal. (Id., Ex. 4 [Rejection Email].) But on June 4, 2013—only 34 days later—"Defendant Western Progressive [] served a Notice of Trustee's Sale and set a nonjudicial foreclosure sale date of July 19 . . . ." (Id. ¶ 19.) Though the exact mechanics are somewhat unclear, Patrick was then informed that a negotiation process, which had apparently begun following his earlier conversation with Archana, was still under way. (Id.) However, even this was ultimately terminated on July 12, 2013. (Id. ¶ 22.) At that point, Defendants said, no modification was possible because there was then "a confirmed sale date within 7 business days." (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

In other words, Plaintiffs allege that they were hoodwinked by Archana. They maintain that she told them to negotiate the terms of a loan modification by rejecting the initial proposal. After sixty days, during which "no action" would be taken, Patrick was to have been allowed to continue the modification process. But Defendants took action less than forty days later, and used that action as a basis for rejecting the continued request for a loan modification.

### III.
### DISCUSSION

**A. LEGAL STANDARD**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678-79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

  Moreover, Rule 9(b) imposes heightened pleading requirements for claims of fraud, or claims that sound in fraud. See Fed. R. Civ. P. 9(b). A plaintiff "must state with particularity the circumstances constituting fraud," but can allege generally "[m]alice, intent, knowledge, and other conditions of a person's mind." Id. The particularity requirement "has been interpreted to mean the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). In addition, the plaintiff must "set forth what is false or misleading about a statement, and why it is false." Rubke v. Capitol Bancorp Ltd., 551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotations omitted). These requirements "ensure[] that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Finally, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007). When multiple defendants are named, the complaint must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Id.

**B. APPLICATION**

  Plaintiffs raise four causes of action against each Defendant. First, Patrick claims individually that Defendants violated a host of Sections under the HBR. Second, Plaintiffs Patrick and Staci jointly claim that Defendants are liable for fraud. Third, they claim that promissory estoppel should require Defendant Ocwen to be bound by its agreements with Plaintiffs. And fourth, Plaintiffs claim that Defendants have violated Cal. Bus. and Prof. Code § 17200 (the "UCL"). Before addressing these particular claims, however, it is necessary to address Plaintiffs' general theory of liability against Defendant Western Progressive.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

### 1. CLAIMS AGAINST DEFENDANT WESTERN PROGRESSIVE

Defendant Western Progressive argues, separately from the other Defendants, that it should be dismissed from this case because it was a completely irrelevant actor. (Mem. at 4.) The claims for fraud and promissory estoppel, it says, are based solely on misrepresentations made by Defendant Ocwen. (See SAC ¶¶ 41–51.) That is, the statements made by Archana regarding the loan modification process should be imputed to Ocwen, not to Western Progressive. Meanwhile, the other two claims, pursuant to the HBR and UCL, are based on "actions conducted in [Western Progressive's] capacity as a foreclosure trustee." (Mem. at 4.) Because it is therefore "not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary," Western Progressive believes it should be dismissed from this case. (Id., citing I. E. Associates v. Safeco Title Ins. Co., 39 Cal. 3d 281, 285 (1985).

It is not clear from either the SAC or the briefing submitted in connection with this motion that the claims for fraud and promissory estoppel arise from misrepresentations made solely by Ocwen. It is possible that Plaintiffs allegations could encompass Defendant U.S. Bank. None of the Parties raise this issue, and the resolution of this facet is unnecessary at this point. However, it does not appear that Plaintiffs intend to allege that Western Progressive was responsible for any misrepresentation. And in truth, as a foreclosure trustee, allegations that the loan modification process went awry would seemingly have little to do with Western Progressive.

In short, neither the pending complaint nor the opposition to the motion to dismiss describe Western Progressive's purported participation in the alleged fraudulent conduct giving rise to the pending claims. Accordingly, Defendant Western Progressive's motion is **GRANTED**, and Western Progressive is dismissed from this action. Plaintiffs are given leave to amend their complaint to attempt to state a claim against Western Progressive.

### 2. VIOLATION OF THE HBR

The California HBR was meant to "encourage mortgage servicers to offer loan modifications." Carroll v. Nationstar Mortgage, LLC, 2013 U.S. Dist. LEXIS 87685, at *4–5 (C.D. Cal. June 21, 2013). The law "prohibits the practice of 'dual tracking,' or proceeding with foreclosure while considering a lender's eligibility for loan modifications." Michael J. Weber Living Trust v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 41797, at *10 (N.D. Cal. Mar. 25, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

> Once the borrower submits the modification application, the foreclosure sale cannot occur until (1) the mortgage servicer makes a written determination that the borrower is not eligible for the modification and the 30-day appeal period expires; or (2) the borrower does not accept an offered modification within 14 days; or (3) the borrower accepts a modification but later defaults under the modified terms.

Lapper v. SunTrust Mortg., N.A., 2013 U.S. Dist. LEXIS 86540, at *5 (C.D. Cal. June 7, 2013) (citing Cal. Civ. Code § 2923.6(c)–(d)). "However, the statute prohibits foreclosure only after 'a foreclosure prevention alternative is approved in writing,' and if the 'borrower is in compliance with the terms of a written trial or permanent loan modification, forbearance, or repayment plan.' Lindberg v. Wells Fargo Bank N.A., 2013 U.S. Dist. LEXIS 95799, at *10 (N.D. Cal. July 9, 2013) (quoting Cal. Civ. Code § 2924.11(a)).

The allegations in the SAC require that the Court allow Patrick's claim[1] under the HBR to proceed for two reasons. First, Archana's supposed statements to Patrick give rise to the possibility that—in spite of his specific language "rejecting" the offer—the mortgage modification process was ongoing when the Notice of Trustee's Sale was served on June 4, 2013. And second, Patrick received a document rejecting his request for a modification on July 12, 2013, only seven days before a trustee sale was scheduled to take place and well after the notice for that sale had been served on him. This casts serious doubt on Defendants' claim that the modification had been finally rejected over two months earlier. Indeed, it presents the very possible conclusion that the modification request was still being considered when the Notice of Trustee's Sale was served, in violation of California Civil Code § 2923.6.

Defendants' answer to this problem is unpersuasive. They argue that Section 2923.6 only bars recording of a notice of sale. And because the Notice of Trustee's Sale was only served on Plaintiff, no improper action took place. (Mem. at 9.) They cite no case law in support of this argument, and indeed such a result would be a perversion of the spirit of the HBR, which seeks to prohibit foreclosure while a borrower is simultaneously being considered for loan modifications. See Michael J. Weber Living Trust, 2013 U.S. Dist. LEXIS 41797, at *10. By

---

[1] Defendants urge the Court to find that Plaintiff Staci Toles-Copeland lacks standing to bring a claim under the HBR "because she was not a borrower in connection with the subject loan." (Mem. at 5, n.2.) However, she does not purport to make a claim under the HBR. Indeed, the SAC is quite specific that this claim for relief is brought solely by Plaintiff Patrick Copeland, and uses the singular "plaintiff," rather than the plural "plaintiffs," in the relevant sections. (See SAC at 13–15.) Accordingly, while Defendants may well be correct, the Court declines to rule on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

simply not recording any instruments, Defendants seem to believe they can circumvent the ban on dual tracking.

Defendants also argue that Patrick has no claim under the HBR because he has suffered no damages: the harm has been remedied because the trustee sale was cancelled. (Docket No. 20 [Reply for Mot. to Dismiss ("Reply")] at 5–6.) However, Patrick does claim that he incurred damages. (SAC ¶ 39.) And what's more, the HBR provides for statutory damages in the event of a violation. See Cal. Civ. Code § 2924.12(b).

There is one point about which Defendants are right, however. Patrick appears to rely briefly on Section 2924.18 as an alternative theory of liability. (SAC ¶ 35.) To the extent that he wishes to do so, this claim would be barred because Defendants do not appear to be "small loan servicers" within the scope of Section 2924.18(b). However, this Section is not central to Patrick's claim, and Defendants' motion must therefore be **DENIED**.

### 3. FRAUD

Defendants also move to dismiss Plaintiffs' claim for fraud. (Mem. at 13–16.) Under California law, the elements of fraud are: (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. Robinson Helicopter Co., Inc. v. Dana Corp., 102 P.3d 268, 274 (Cal. 2004) (citing Lazar v. Superior Court, 909 P.2d 981, 984 (Cal. 1996)). Rule 9(b) sets a heightened pleading standard for fraud claims and requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This heightened pleading standard applies to state-law claims sounding in fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

Plaintiffs have pled at least one sufficiently specific instance of fraudulent behavior by Defendants. Archana, the point person for Patrick's loan, allegedly told him that "no action" would take place for sixty days after May 1, 2013. And yet, less than sixty days later, they served the Notice of Trustee's Sale on him. Defendants argue that this does not constitute an 'action,' but the Court cannot imagine an "action" that could be much more adverse than taking steps to sell Plaintiff's home. It is therefore adequate to support a claim that the promise of "no action" was false and in violation of the HBR. (See Mem. at 14.) Moreover, given her position as the sole point person, and the requirements imposed upon such a person by the HBR, see Cal. Civ. Code § 2923.7(b), if the statement was made it would be reasonable to assume that Archana had knowledge of its falsity, and the Court could therefore infer an intent to deceive. Moreover, because of her position "[c]ommunicating the process by which [Patrick could] apply for an" alteration, he would have been justified in relying on such a statement. Id. And finally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

Plaintiffs allege that they lost equity in their house as a result of the delay caused by the statements. (SAC ¶ 44.) They have therefore adequately alleged fraud, and Defendants' motion to dismiss the claim is **DENIED**.

### 4. PROMISSORY ESTOPPEL

Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth., 1 P.3d 63, 66 (Cal. 2000) (citations omitted). The elements of promissory estoppel are: "(1) a promise that is clear and unambiguous on its terms; (2) reliance by the party to whom the promise was made; (3) the reliance must be reasonable and foreseeable; and (4) the relying party who asserts promissory estoppel must be injured by his reliance." US Ecology, Inc. v. State, 28 Cal. Rptr. 3d 894, 905 (Ct. App. 2005) (quoting Laks v. Coast Fed. Sav. and Loan Ass'n., 131 Cal. Rptr. 836, 839 (Ct. App. 1976)).

Plaintiffs claim that they were promised a loan modification, and the promise fell through. (Opp. at 15; SAC ¶ 47.) That is, they charge that Defendants promised to make a modification, but that the modification turned out to be only a sleight of hand because it included terms that could result in penalties even more burdensome than those they already faced. (Id. ¶¶ 17, 48.) Patrick and Staci have also alleged that they relied upon the promise to their detriment, foregoing a short sale—for which a contract had already been signed—in order to proceed with the loan modification process. (Id. ¶¶ 18, 47–48.) Furthermore, this reliance was reasonable and foreseeable. If a mortgage servicer represents that it will provide a modification, it can surely come as no surprise that a homeowner might gladly hold tight to this hope. As Defendants say, they are under no obligation to provide a modification, (Mem. at 17.) but if they bind themselves to do so nonetheless, they cannot simply disregard their promise. Accordingly, each of the elements of promissory estoppel have been pled, and Defendants' motion must be **DENIED**.

### 5. THE UCL CLAIM

As both Defendants and Plaintiffs point out, the UCL claim depends upon the other claims. If the other claims survive, they would form the basis for a claim that Defendants engaged in unfair or unlawful business practices. Because each of the other claims survives, so too does the claim under Section 17200. Defendants' motion to dismiss this claim is therefore **DENIED**.

**LINK: 17**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

## IV.
## CONCLUSION

     For the reasons given above, the motion to dismiss is **GRANTED**, with leave to amend, with respect to Defendant Western Progressive. However, insofar as the motion to dismiss relates to claims against Defendants Ocwen and U.S. Bank, the motion is **DENIED**. The hearing scheduled for Monday, January 6, 2014, is hereby **VACATED.**

     **IT IS SO ORDERED.**