JS - 6    LINK: 34

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**        **(In Chambers)**

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

**I.
INTRODUCTION**

Pending before the Court is Defendants'[1] unopposed Motion for Summary Judgment. (Docket No. 34 [Mem. Summary Judgment ("Mem.")].)  Plaintiffs Patrick Copeland ("Copeland") and Staci Toles-Copeland ("Toles-Copland") (collectively, "Plaintiffs") are now pro se, their attorneys having withdrawn earlier this year for lack of payment.  (Docket No. 31 [7/11/14 Order] (granting motion to withdraw for Plaintiffs' failure to pay attorneys fees and with consent of Plaintiffs).)

In deciding the present motion, the Court has taken care to draw every inference in favor of Plaintiffs and consider arguments they might have made had they responded to Defendants' motion.  However, the only evidence presented to the Court conclusively establishes that all of Plaintiffs' claims must fail as a matter of law.  Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment.  The Court's reasoning is set forth below.

---

[1] "Defendants" are collectively: Ocwen Loan Servicing, LCC ("Ocwen"), U.S. Bank National Association (as trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2005-CB5) (the "Trust").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

## II. BACKGROUND

### A. PLAINTIFFS' CLAIMS

Plaintiffs filed claims against Defendants in August of 2013. (Docket No. 1 [Complaint].) Plaintiffs have since amended their complaint twice. (See Docket No. 9 [First Amended Complaint]; Docket No. 13 [Second Amended Complaint ("SAC")].) In their operative complaint, Plaintiffs assert claims for: (1) violations of the California Homeowner Bill of Rights ("CHBR"); (2) fraud; (3) promissory estoppel; and (4) violations of business and professions code § 17200. (See SAC.)

Specifically, Plaintiffs allege that Defendants violated the CHBR during their initiation of non-judicial foreclosure, by dual tracking the loan modification review and non-judicial foreclosure, and failing to comply with California Civil Code sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.10, and 2924.18. (SAC ¶¶ 30-39.) They also claim that, to Plaintiffs' detriment, when Copeland "tried to discuss the improper fee allocations in the boilerplate of the loan modification approval," Defendants made false representations to Copeland regarding the "proper course of action" for him to take and "that Ocwen would take no action for at least sixty days while the application was pending." (Id. ¶ 41.) Additionally, they argue that, to Plaintiffs' detriment, Ocwen "agreed to provide Plaintiffs a loan modification after they submitted their loan modification application" and that Ocwen "breached the terms of its promises by imposing conditions which rendered the entire loan modification process illusory and by initiating the non-judicial foreclosure process on Plaintiffs.'" (Id. ¶¶ 47-48.) Plaintiffs finally assert that all of this allegedly wrongful conduct violated the California Business and Professions Code. (Id. ¶ 54.)

### B. HISTORY LEADING TO THE PRESENT SUIT

Defendants have provided documentary evidence of this case's history, including their communications with Plaintiffs and Copeland's own testimony. (See Docket No. 37 [Declaration of Kevin Flannigan ("Flannigan Decl.")]; Docket No. 38 [Declaration of Eileen M. Horschel ("Horschel Decl.")] at Ex. 14 [Copeland Deposition ("Copeland Depo.")].)

On February 9, 2005, Copeland executed a Note and Deed of Trust to secure a mortgage loan in the amount of $369,000 (the "Loan") on the real property located at 11425 Casimir Avenue, Hawthorne, California 90250 (the "Property"). (Flannigan Decl. at Exs. 1, 2 [Deed and Trust Note].) Litton Loan Servicing LP ("Litton") serviced the Loan from June 30, 2005 to August 30, 2011. (Id. ¶ 6.) The Loan service transferred to Ocwen on September 1, 2011. (Id. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

7.)  Copeland has not made any payments on the Loan since it transferred to Ocwen.  (Id. ¶ 8; id. at Ex. 3 [Loan Transaction History].)

On June 18, 2007, Copeland was offered and accepted a Repayment Plan Agreement. (Id. ¶ 9; id. at Ex. 4 [June 2007 Repayment Plan Agreement][2].)  Copeland did not make any payments under the June 2007 Repayment Plan.  (Id. ¶ 10.)

On February 2, 2008, Copeland was offered and accepted a Loan Modification Agreement to permanently modify the Loan.  (Id. ¶ 11; id. at Ex. 5 [February 2008 Loan Modification Agreement][3].)  Copeland did not make any payments under the February 2008 Loan Modification Agreement.  (Id. ¶ 11.)

On February 27, 2009 Copeland was offered and accepted another Repayment Plan Agreement.  (Id. ¶ 13; id. at Ex. 6 [February 2009 Repayment Plan Agreement][4].)  Copeland did not make any payments under the February 2009 Repayment Plan Agreement.  (Id. ¶ 13.)

In late 2011 and early 2012, Ocwen reviewed the Loan for a modification under the Making Home Affordable Program ("HAMP").  (Id. ¶ 15.)  On January 19, 2012, Ocwen notified Copeland by letter that he was not eligible for modification under HAMP. (Id. ¶ 16; id. at Ex. 7 [1/19/12 Letter to Copeland].)  Thereafter, but more than thirty days prior to recording the Notice of Default on November 19, 2012, Ocwen representatives spoke with Copeland to assess his financial situation and offer him loss mitigation options.  (Id. ¶¶ 17-18; id. at Ex. 8 [Notice of Default]; Copeland Depo. at 75 (Copeland agrees notice provided in June 2012, more than thirty days before November 19, 2012).)

On December 27, 2012, Copeland was offered a Discounted Pay-off wherein Ocwen agreed to accept on behalf of the Trust $222,234.25 to satisfy the loan.  (Flannigan Decl. ¶ 19;

---

[2] The Repayment Plan Agreement was authenticated by Copeland at his deposition as Exhibit 6. (Flannigan Decl. ¶ 9; Copeland Depo. at 11.)

[3] The Loan Modification Agreement was authenticated by Copeland at his deposition as Exhibit 5. (Flannigan Decl. ¶ 11; Copeland Depo. at 52-53.)

[4] The Repayment Plan Agreement was authenticated by Copeland at his deposition as Exhibit 8. (Flannigan Decl. ¶ 13; Copeland Depo. at 60.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

id. at Ex. 9 [Discounted Payoff Agreement][5].) Ocwen did not receive the discounted pay-off as required under the agreement. (Id. ¶ 20.)

      On March 22, 2013, Ocwen acknowledged, by letter, Copeland's loan modification application. (Id. ¶ 21; id. at Ex. 10 [3/22/13 Letter to Copeland].) The March 22, 2013 letter also provided Copeland with his point of contact, Archana R., and the toll free number for the U.S. Department of Housing ("HUD") approved housing counseling. (Id.; see also, Copeland Depo. at 75 (Copeland admits he was provided toll free number to call HUD)) On March 29, 2013, Ocwen again notified Copeland by letter that he was not eligible for a loan modification under HAMP. (Flannigan Decl. ¶ 22; id. at Ex. 11 [3/29/13 Letter to Copeland].) The March 29, 2013 letter again provided Copeland with his point of contact, Archana R, and the toll free number for HUD approved housing counseling. (Id.)

      On April 2, 2013, Ocwen offered Copeland another loan modification. (Id. ¶ 23; id. at Ex. 12 [Proposed Loan Modification Agreement][6].) Copeland did not agree with the terms of the proposed loan modification and contacted Ocwen to renegotiate the terms. (Id. ¶ 24.) On May 1, 2013, Copeland, by email, rejected the Proposed Loan Modification Agreement. (Id. ¶ 25; id. at Ex. 13 [5/1/13 Email to Ocwen from Copeland][7]; Copeland Depo. at 85-86.) Ocwen advised Copeland that there was no guarantee that he would receive another loan modification offer if he rejected the April 2, 2013 modification offer. (Flannigan Decl. ¶ 27; Copeland Depo. at 95-96.) Ocwen also advised Copeland that any subsequent modification offers would contain the same provisions that Copeland was disputing. (Flannigan Decl. ¶ 28; Copeland Depo. at 95-96.)

      As of October 13, 2014, the total amount owed on the Loan is approximately $563,600.98. (Flannigan Decl. ¶ 26.) The discussions relating to Copeland's financial situation and the loan modifications were handled by customer service representatives in the loan modification department of Ocwen. (Id. ¶ 29.) These discussions were not with or ratified by an officer, director or manager of Ocwen or the Trust. (Id. ¶¶ 29-30.)

---

      [5] The Repayment Plan Agreement was authenticated by Copeland at his deposition as Exhibit 11. (Flannigan Decl. ¶ 19; Copeland Depo. at 65.)

      [6] The Proposed Loan Modification Agreement was authenticated by Copeland at his deposition as Exhibit 18. (Flannigan Decl. ¶ 23; Copeland Depo. at 84.)

      [7] The 5/1/13 Email to Ocwen from Copeland was authenticated by Copeland at his deposition as Exhibit 22. (Flannigan Decl. ¶ 25; Copeland Depo. at 102.)

JS - 6  **LINK: 34**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

### III.
### DISCUSSION

**A. LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, when addressing a motion for summary judgment, the Court must decide whether there exist "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial, which it can meet by presenting evidence establishing the absence of a genuine issue or by "pointing out to the district court . . . that there is an absence of evidence" supporting a fact for which the non-moving party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). To defeat summary judgment, the non-moving party must put forth "affirmative evidence" that shows "that there is a genuine issue for trial." Anderson, 477 U.S. at 256–57. This evidence must be admissible. See Fed. R. Civ. P. 56(c), (e). The non-moving party cannot prevail by "simply show[ing] that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-moving party must show that evidence in the record could lead a rational trier of fact to find in its favor. Id. at 587. In reviewing the record, the Court must believe the non-moving party's evidence, and must draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

**B. APPLICATION**

Upon review, the documented record of communication between Plaintiffs and Defendants, even giving every inference to Plaintiffs as the Court must on such a motion, demonstrates that Defendants must clearly be victorious on their motion.

As to Plaintiffs' first cause of action based on the alleged CHBR violations, Defendants have documented evidence which establishes the dates and contents of communications between Plaintiffs and Defendants. In those communications, Defendants followed all provisions of the CHBR and have established that: (1) no foreclosure has taken place; (2) Defendants provided Plaintiffs with a point of contact, Archana R., and the toll free number to call HUD in written letters dated March 22, 2013 and March 29, 2013 (3/22/13 Letter to Copeland; 3/29/13 Letter to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

Copeland); (3) Defendants reviewed Plaintiffs' loan modification application and offered Plaintiffs a Proposed Loan Modification Agreement, which Plaintiffs rejected, thus allowing Defendants to record the Notice of Trustee's Sale (See 3/22/13 Letter to Copeland; 3/29/13 Letter to Copeland; Proposed Loan Modification Agreement; 5/1/13 Email to Ocwen from Copeland.); (4) Copeland did not accept the Proposed Loan Modification Agreement within fourteen days of it being offered, and rather expressly rejected it on May 1, 2013, thus allowing for the recording of the Trustee's Notice of Sale (See Proposed Loan Modification Agreement; 5/1/13 Email to Ocwen from Copeland); (5) Defendants reviewed Plaintiffs' Loan Modification Application more than thirty days before recording the Notice of Default (See 3/22/13 Letter to Copeland; 3/29/13 Letter to Copeland; Notice of Default; Copeland Depo. at 75). These documents establish that Defendants have acted fully in compliance with CHBR. Thus, Plaintiffs' first cause of action fails as a matter of law.

The second cause of action, fraud, is premised on Plaintiffs' assertion that Defendants improperly informed Plaintiffs as to his proper course of action regarding the fee allocations in the Proposed Loan Modification Agreement, i.e. that he would be offered another loan modification and the property would not be closed on, and that Ocwen would take no action for at least sixty days while the application was pending. There is no evidence of such misrepresentations before the Court. However, there is evidence that Ocwen properly informed Plaintiffs that no further loan modification proposal was guaranteed and that any subsequent proposals would include the same fee allocation terms as the Proposed Loan Modification Agreement. (Flannigan Decl. ¶¶ 27-28.) Copeland even admitted these facts in his deposition. (Copeland Depo. at 95-96.) As no evidence supports Plaintiffs' assertions and all evidence supports Defendants conclusions, Plaintiffs' claim for fraud must fail as a matter of law.

Plaintiffs' third cause of action for promissory estoppel is essentially a recitation of his second cause of action for fraud. Thus, for identical reasons, Plaintiffs' third cause of action fails as a matter of law.

Plaintiffs' final cause of action rests upon the others. As explained above, all of Plaintiffs' causes of action fail as a matter of law. Thus, Plaintiffs' final cause of action premised thereon fails as well.

As all of Plaintiffs' claims fail as a matter of law, Defendants are entitled to summary judgment on all claims. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED**.

**IV.**

JS - 6    **LINK: 34**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05708 GAF (FFMx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Patrick Copeland et al v. Ocwen Loan Servicing, LLC et al | | |

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. The hearing presently scheduled for December 8, 2014, is **VACATED**.

**IT IS SO ORDERED.**